LUCY TACY and FRED TACY, Appellants, *v.* NORMAN W. STARKS and Others, Respondents.

*Testimony of a magistrate as to what crime was charged in a criminal complaint.*

The ground upon which an arrest was made cannot be proved by the testimony of the magistrate who issued the warrant as to what was the crime charged in the criminal complaint, as the complaint must be in writing and that is the best evidence.

APPEAL by the plaintiffs, Lucy Tacy and another, from a judgment of the County Court of Clinton county in favor of the defendants, entered in the office of the clerk of the county of Clinton on the 19th day of March, 1901, upon the decision of the court affirming upon appeal a judgment in favor of the defendants rendered by a justice of the peace dismissing the complaint.

The action was brought to recover the sum of forty dollars and seventy-five cents alleged to have been tortiously procured by the defendants from the plaintiffs.

*H. S. Haff,* for the appellants.

*Everest & Signor,* for the respondents.

HOUGHTON, J.:

The co-plaintiff and her husband were arrested upon a warrant issued by the defendant Starks, as a magistrate, upon a complaint made by defendant Duchane. The warrant was executed by defendant Decora, a constable.

The plaintiffs claimed and the proof showed that while thus under arrest, and because of threats of further imprisonment in the State prison or the county jail, they paid over to the defendants the sum of forty dollars and seventy-five cents, which was divided amongst them in various proportions under pretext of debt due or fees earned in the criminal proceeding.

The defendants attempted to justify the transaction by proof that the plaintiffs voluntarily settled the claim of defendant Duchane and the costs of the arrest.

The plaintiffs appear to have been simple and ignorant people and much terrified at their arrest and the prospect of further impris-

onment.   The principal defendant himself testified that the plaintiffs begged him not to be too hard and said that they would settle just the way he liked, and it appears they did so.

Courts cannot tolerate such a transaction.   It appears to be quite too ordinary a proceeding in extreme rural districts, to use the criminal process of local magistrates to force the payment of debts and compel the settlement of civil disputes.

A decision of this case upon the facts, however, is unnecessary for the judgment must be reversed because of an error in the admission of evidence.

The defendants sought to justify the arrest and detention of the plaintiffs on the ground that it was properly made, and asked the defendant Starks what the criminal complaint was for.   This was objected to by the plaintiffs on the ground that a criminal complaint must be in writing, and that the complaint was the best evidence. The objection was overruled, to which plaintiffs excepted, and the witness stated the charge was for assault and battery.   The defendants were seeking to show that the arrest was not made for the purpose of extorting money, but upon a valid criminal charge.   If they could justify the arrest at all, it was material for them to show for what crime it was made, and, hence, the evidence was relevant and the objection fatal.

The judgments of the County Court and the Justice's Court are reversed, with costs and disbursements of the appeal in the County Court and in this court to the appellants.

PARKER, P. J., SMITH, EDWARDS and CHASE, JJ., concurred.

Judgments of the County Court and Justice's Court reversed, with costs in this court and in the County Court.